**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
Alexandria Division

FILED

NOV 2 7 2009

CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

*IN RE* AFAF KANAZEH,  )
  )
  )  Civil Action No. 1:09mc047
Petitioner.  )
  )
_____)

## PROPOSED FINDINGS OF FACT AND RECOMMENDATION

On October 21, 2003, this Court entered an Order in *Kanazeh v. Equifax Credit Reporting*, Civil Action No. 02-969-A, enjoining Afaf Kanazeh ("petitioner") from filing future matters in this Court without first filing a petition for leave to file, certifying that the action is (1) not frivolous, (2) in good faith, and (3) not previously disposed of by this Court in any previous action ("the 2003 Order"). The 2003 Order further directs that a magistrate judge review petitioner's filing to determine whether the allegations asserted are (1) frivolous, (2) not in good faith, or (3) disposed of, by this Court, in a previous action. The undersigned magistrate judge is submitting this Proposed Findings of Fact and Recommendation in accordance with the 2003 Order and 28 U.S.C. § 636(b)(1)(B).

On November 9, 2009, petitioner filed an Application, Pursuant to Court Order, Seeking Leave to File New Action ("petition"). (Docket no. 1). Petitioner noticed her petition for a hearing on November 20, 2009. (Docket no. 2). On November 20, 2009, petitioner appeared and presented argument on her petition.

Pursuant to the 2003 Order, the undersigned magistrate judge has reviewed petitioner's petition with its incorporated complaint and exhibits. As detailed below, the claims asserted by petitioner in the proposed complaint cannot be pursued in this Court and are frivolous. Accordingly, it is recommended that the petition be denied without prejudice.

The Federal Rules of Civil Procedure require that "[p]leadings must be construed so as to do justice." Fed. R. Civ. P. 8(e). Petitioner appears before this Court *pro se*, and according to the United States Supreme Court, a document filed *pro se* is "to be liberally construed." *See Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007). While the Fourth Circuit has expressed the "indisputable desire that [*pro se*] litigants with meritorious claims should not be tripped up in court on technical niceties," district courts are not "mind readers" and are not required to "conjure up questions never squarely presented to them." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## PETITIONER'S PROPOSED ALLEGATIONS

Petitioner's proposed complaint, boiled down to its essence, presents two possible causes of action. First, petitioner alleges that the personal property taxes on two vehicles were assessed improperly due to negligent or intentional mismanagement of her personal property tax accounts by the City of Alexandria, Virginia. Petitioner presents several different theories as to how this improper assessment occurred. These theories include negligent record keeping and arguments both that she did not own one of the vehicles in question and that she has paid the personal property taxes on the vehicles in question.

Petitioner states that the incorrect assessment of the personal property taxes, whether negligent or willful, has resulted in her: being unable to register her vehicle; having her driver's license suspended; incurring multiple tickets for failure to register her vehicle; and incurring taxi cab fees. It is difficult to discern from petitioner's complaint the exact date upon which petitioner alleges that the improper taxation began, but it appears that she claims it has been ongoing since some time in 1993. Petitioner's complaint alleges that she paid the personal property taxes assessed on her vehicle from 1997 through 2005, but does not address whether she

2

paid her personal property taxes for the years 1993-1996 and 2006-2009. Petitioner states that she was given notice on February 5, 2007 that personal property taxes were owed for the prior year. Petitioner also states that, at some point during 2008, a proceeding was initiated in Fairfax County Circuit Court that resulted in an Order being entered. The exact effect of the Order is difficult to discern from the proposed complaint, but the crux appears to be that the petitioner had her driver's license suspended or she was charged with operating an unregistered vehicle, and was fined or ordered to pay court costs or both. Petitioner also notes that she was given notice on February 18, 2009 that she still owed delinquent personal property taxes in the amount of $1,224.74 for unpaid tangible personal property taxes from 2005-2009.

The second cause of action presented by petitioner's proposed complaint is an action for defamation against defendant Isiah Speller in his individual capacity for allegedly threatening to publish the petitioner's name in a newspaper. Petitioner's complaint states that Mr. Speller was an employee of the Alexandria "Department of Finance Revenue Tax & enforcement [sic]"[1] and that, on February 18, 2007, he informed petitioner that she owed $1,224.74 in delinquent personal property taxes. Petitioner further alleges that, on February 21, 2007, he "threaten[ed] Mrs. Kananzeh [sic] to publish her name in paper."

**RECOMMENDATIONS**

**I.      Claims Related to Improper Assessment of Tangible Personal Property Taxes**

Plaintiff styles her complaint as one for "declarat[ory] relief, equitable relief, and injuncti[ve] relief." However, in her prayer for relief, petitioner asks this Court to award her damages in addition to equitable relief. Congress has been clear in its direction that "[t]he

---

[1] An independent review of the website for the City of Alexandria, www.alexandriava.gov, reveals that no such Department exists. The undersigned assumes that the petitioner is referring to the Tax Services & Enforcement Branch of the Revenue Administration Division of the Finance Department of the City of Alexandria.

3

district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. In addition to this direction by Congress, the Supreme Court has cautioned that judicial restraint is required in cases involving the administration of state taxes. *Fair Assessment in Real Estate Ass'n, Inc. v. McNary*, 454 U.S. 100, 107-09 (1981) (calling for the use of judicial restraint in suits challenging the constitutionality of state tax laws). As the Fourth Circuit has noted, the Supreme Court has "articulated a principle of comity that reflects the 'scrupulous regard for the rightful independence of state governments which should at all times actuate the federal courts,' requiring federal courts, when the comity principle applies, to deny relief in challenges to state tax laws 'in every case where the asserted federal right may be preserved without it.'" *DIRECTV, Inc. v. Tolson*, 513 F.3d 119, 123 (4th Cir. 2008) (quoting *Fair Assessment in Real Estate*, 454 U.S. at 108). In *Fair Assessment in Real Estate*, the Supreme Court held that the principle of comity bars federal courts from awarding damages in civil rights suits by taxpayers alleging that a state tax system is being administered unconstitutionally. *Fair Assessment in Real Estate*, 454 U.S. at 105. Thus, there is a clear mandate that federal courts should avoid judicial review of state tax systems wherever possible.

In the Commonwealth of Virginia, tangible personal property, including most automobiles, may be taxed at the discretion of the locality within which it is located. Va. Code §§ 58.1-3500, -3503(3). Persons who feel that a personal property assessment is incorrect "may, within three years from the last day of the tax year for which such assessment is made, or within one year from the date of the assessment, whichever is later, apply to the commissioner of the revenue or such other official who made the assessment for a correction thereof." Va. Code § 58.1-3980(A). If a person applies to have their assessment corrected under section 58.1-3980,

the commissioner must, if requested, "state in writing the facts and law supporting the action" and mail the writing to the applicant at the applicant's last known address. Va. Code § 58.1-3981(F). The applicant then has one year to apply to the circuit court of the county or city wherein the assessment was made. Va. Code § 58.1-3984(A).

Once the application is before the circuit court, "the burden of proof shall be upon the taxpayer to show that the property in question is valued at more than its fair market value or that the assessment is not uniform in its application, or that the assessment is otherwise invalid or illegal, but it shall not be necessary for the taxpayer to show that intentional, systematic and willful discrimination has been made." *Id.* If the circuit court with jurisdiction over the matter does not hold favorably for the applicant, the applicant may appeal to the Supreme Court of Virginia. Va. Code § 58.1-3992. From the foregoing, it appears that the Commonwealth of Virginia provides a plain, speedy and efficient remedy in its courts for the incorrect assessment of tangible personal property taxes. As such, any Order entered by this Court to "enjoin, suspend or restrain the assessment, levy or collection" of Virginia's personal property tax would be entered in violation of 28 U.S.C. § 1341.

This determination is not the end of the inquiry because a separate and parallel analysis is required due to the fact that petitioner has requested damages in addition to equitable relief. Although 28 U.S.C. § 1341 prevents federal courts from enjoining, suspending or restraining the assessment, levy or collection of a state tax where a plain, speedy and efficient remedy exists at the state court level, it does not prevent federal court's from ordering damages even where this is the case. However, as discussed above, the Supreme Court has cautioned that judicial restraint is required in cases examining state tax systems and the Fourth Circuit has instructed that the

principle of comity applies, and relief must be denied, "in every case where the asserted federal right may be preserved without it." *DIRECTV, Inc.*, 513 F.3d at 123 (internal citation omitted).

The question then becomes: Has petitioner asserted a federal right and, if so, may it be preserved without granting relief from the Commonwealth of Virginia's personal property tax system? An examination of the proposed complaint reveals that there is no factual basis to support a contention that any federal right has been violated. Even granting petitioner the liberal reading to which she is due as a plaintiff *pro se*, the complaint simply makes no allegation that any federal right has been violated by Virginia's personal property tax system. In fact, other than the mention of a litany of federal statutes in the "Jurisdiction and Venue" section of the proposed complaint and the fact that petitioner's "First Count" contains the words "Disability Act" in the title, no mention is made of any federal right or cause of action. Furthermore, petitioner has not even set forth a *prima facie* case that her personal property taxes were assessed improperly.

A review of the Delinquent Tax Notice dated February 18, 2009, which was attached by petitioner to her proposed complaint, reveals that the City of Alexandria's personal property tax records indicate that petitioner owes delinquent personal property taxes for the years 2005-2008. (Docket no. 1, Attachments). In addition, while a review of the materials attached by petitioner indicates that she paid her personal property tax bill for 2004 on January 7, 2005, petitioner has provided no evidence to buttress her claim that she paid her personal property taxes for 2005. Nor has petitioner provided any evidence to support her claim that she is being taxed on multiple vehicles. Rather, the documents provided by petitioner indicate that she has been assessed personal property taxes only on a model-year 2000 Lincoln Town Car since November 2, 2001. Although petitioner's documents indicate that she owned a model-year 1993 Lincoln Town Car until she donated it to the Salvation Army on November 14, 2001, the records presented by

6

petitioner indicate that the City of Alexandria ceased assessing petitioner taxes on that vehicle as of October 5, 2001. Thus, petitioner's own records contradict her arguments that she is currently being taxed on multiple vehicles.

## II.    Defamation

In the Commonwealth of Virginia, to succeed on a cause of action for defamation, a plaintiff must demonstrate that the defendant made 1) a false defamatory statement; 2) that was published to a third party; 3) with the requisite intent. *Jordan v. Kollman*, 612 S.E.2d 203, 575 (Va. 2005); *Chapin v. Greve*, 787 F. Supp. 557, 562 (E.D. Va. 1992) (applying Virginia libel law); *Gazette, Inc. v. Harris*, 325 S.E.2d 713, 724-25 (Va. 1985). Truth is no longer an affirmative defense to defamation in Virginia; instead the plaintiff must prove that the statement was false. *Gazette, Inc.*, 325 S.E.2d at 724-25. The requisite intent the defendant must have toward the publication of the statement is that the defendant "either knew it to be false, or believing it to be true, lacked reasonable grounds for such belief, or acted negligently in failing to ascertain the facts on which the publication was based." *Id.* at 725. Petitioner's assertion that defendant Speller defamed her by threatening to publish her name in the paper must fail for at least four reasons.

First, if this Court declines to undertake a review of the Commonwealth of Virginia's personal property tax system, it will no longer have any subject matter jurisdiction over this suit. Defamation is a common law state action. Thus, no jurisdiction would lie under 28 U.S.C. § 1331. Petitioner is a resident of the Commonwealth of Virginia. Defendants are individuals and municipal corporations within the Commonwealth of Virginia. Thus, complete diversity of citizenship would not exist pursuant to 28 U.S.C. § 1332. As such, if this Court declines to

exercise its jurisdiction under 28 U.S.C. § 1341, there would be no basis for this Court to exercise subject matter jurisdiction over this action.

Second, assuming *arguendo* that this Court did have subject matter jurisdiction, section 58.1-3924 of the Virginia Code expressly permits counties, cities, and towns to publish the names of those who are delinquent in their taxes in a newspaper of general circulation in the county, city, or town. This specifically includes those who fail to pay their tangible personal property taxes. Va. Code §§ 58.1-3921(3), -3924. Thus, any threat Mr. Speller may have made to publish petitioner's name in the newspaper, based on his reasonable belief that she did in fact owe the City of Alexandria personal property taxes, would lack the requisite intent.

Third, plaintiff has not made any showing that the alleged statement made by Mr. Speller was false. Although she has alleged that the statement is false, this Court must analyze not only the statements contained within the body of the complaint but also those documents she has attached to the body of the complaint. Those attachments, as discussed above, indicate that the records of the City of Alexandria indicate that the petitioner has failed to pay personal property taxes on her model-year 2000 Lincoln Town Car since 2004. Petitioner has submitted no evidence to the court that would contradict the records of the City of Alexandria in this respect (cancelled checks or receipts indicating payments had been made). Thus, petitioner's own evidence indicates that there was truth underlying the statement made by Mr. Speller and as such, petitioner has not met her burden of demonstrating that Mr. Speller made a false defamatory statement.

Fourth, again assuming *arguendo* that all other elements were met, petitioner has made no allegation that Mr. Speller published his allegedly defamatory statement as that term is

defined by the common law. Mere threats are not enough. A defamatory statement must be communicated to a third party. Petitioner has made no allegation that this occurred.[2]

## CONCLUSION

Under Fed. R. Civ. P. 11(b)(2), a frivolous claim is viewed as one where the legal argument must have "'absolutely no chance of success under the existing precedent.'" *Hunter v. Earthgrains Co. Bakery*, 281 F.3d 144, 153 (4th Cir. 2002) (quoting *In re Sargent*, 136 F.3d 349, 352 (4th Cir. 1998). As stated above, petitioner's claims, to the extent they are intelligible, are not proper in this Court. While it appears that petitioner has brought these claims in good faith and that they have not been disposed of by this Court in a previous action, the claims she raises concerning assessment of personal property taxes and defamation are not claims that may be adjudicated in this Court under the facts that have been alleged. Therefore, it is the recommendation of the undersigned magistrate judge that the District Court deny the petition without prejudice. This dismissal should be without prejudice to the petitioner having the right to pursue her claims with the Commissioner of Revenue for the City of Alexandria and the Alexandria Circuit Court.

---

[2] In addition to these arguments, petitioner's claim for defamation would be barred by Virginia's one-year statute of limitations. Virginia Code § 8.01-247.1 provides that every action for injury resulting from libel, slander, insulting words or defamation shall be brought within one year after the cause of action accrues. Petitioner claims that Mr. Speller's actions occurred in February 2007 and this proposed complaint was filed in November 2009.

## <u>NOTICE</u>

By mailing a copy of this Proposed Findings of Fact and Recommendation to the petitioner at her address for service of process, the petitioner is notified as follows. Objections to this Proposed Findings of Fact and Recommendation must be filed within fourteen (14) days of service on you of this Proposed Findings of Fact and Recommendation. A failure to file timely Objections to this Proposed Findings of Fact and Recommendation waives appellate review of the substance of the Proposed Findings of Fact and Recommendation and waives appellate review of any judgment or decision based on this Proposed Findings of Fact and Recommendation.

ENTERED this 27 day of November, 2009.

John F. Anderson
United States Magistrate Judge

Alexandria, Virginia