IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

IN RE: AFAF KANAZEH, )
) Case No. 1:09mc47
Petitioner. )

## ORDER

By Order dated October 21, 2003, petitioner Afaf Kanazeh was enjoined from filing any new civil actions in this Court without first filing a petition seeking leave to do so, specifically certifying that the proposed civil action (i) is not frivolous, (ii) is pursued in good faith, and (iii) was not previously disposed of by this Court in any previous action. *See Afaf Kanazeh v. Equifax Credit Reporting, et al.*, 1:02cv969 (E.D. Va. Oct. 21, 2003) (Order) (Lee, J.). The October 21, 2003 Order further directed that any such petition for leave to file be reviewed by a magistrate judge to determine whether the proposed civil action satisfies these three requirements. *Id.*

On November 9, 2009, Kanazeh filed an application pursuant to the October 21, 2003 Order seeking leave to file a new civil action against, *inter alia*, the Commonwealth of Fairfax County and the City of Alexandria. On November 20, 2009, Kanazeh appeared before the magistrate judge for a hearing, at which she presented argument in support of the application. Thereafter, on November 27, 2009, the magistrate judge issued a Report and Recommendation pursuant to 28 U.S.C. § 636(b), specifically recommending that Kanazeh's application to file a new civil action be denied without prejudice to her having the right to pursue her claims with the Commissioner of Revenue for the City of Alexandria and/or in the Alexandria Circuit Court. Kanazeh subsequently filed written objections to the magistrate judge's Report and Recommendation on December 11, 2009, and a hearing before

this Court was held on December 18, 2009. In the course of the hearing, Kanazeh, appearing *pro se*, presented additional argument in support of her application for leave to file the proposed civil action. Following the hearing, Kanazeh submitted additional written objections as well as a proposed "amended complaint" and the matter is now ripe for disposition.

It is important to note at the outset that Kanazeh's lengthy and numerous submissions are somewhat indecipherable. Yet, Kanazeh appears to allege that the City of Alexandria has either negligently or intentionally assessed improper personal property taxes against her with respect to two automobiles. Kanazeh further contends that as a result of these alleged improper assessments, she (i) has been unable to register her vehicle, (ii) has had her driver's license suspended, (iii) has been issued multiple tickets for failure to register her vehicle, and (iv) has incurred taxi cab fees. Kanazeh also alleges that an employee of the City of Alexandria threatened to publish her name and alleged personal property tax delinquency in a local newspaper.

Simply put, Kanazeh's claims — to the extent they are intelligible — are not properly before this Court. Indeed, as detailed in the Report and Recommendation, Kanazeh has, at most, identified administrative or state law claims that might be cognizable before the Commissioner of Revenue for the City of Alexandria and/or the Alexandria Circuit Court.[1] Nothing in Kanazeh's written

---

[1] In the Commonwealth of Virginia, tangible personal property, including most automobiles, may be taxed at the discretion of the locality within which the property is located. *See* Va. Code §§ 58.1-3500, 58.1-3503(3). The Virginia Code also permits counties, cities and towns to publish a list of delinquent personal property assessments "in a newspaper of general circulation in the county, city, or town or to be made available on any Internet site maintained by or for such county, city, or town." Va. Code §§ 58.1-3921(3), 58.1-3924. Pursuant to the statute, any individual who seeks to contest a personal property assessment "may, within three years from the last day of the tax year for which such assessment is made, or within one year from the date of the assessment, whichever is later, apply to the commissioner of the revenue or such other

objections or additional post-hearing submissions is sufficient to alter this conclusion. To be sure, while Kanazeh may well suffer from various financial and medical hardships, as she alleges, her allegations and objections to the Report and Recommendation in this instance are wholly meritless and must be rejected.

Accordingly, for good cause,

It is hereby **ORDERED** that Kanazeh's objections to the Magistrate Judge's November 27, 2009 Report and Recommendation are **OVERRULED** in all respects.

It is further **ORDERED** that the Court adopts as its own the findings of fact and recommendation of the United States Magistrate Judge, as set forth in the November 27, 2009 Report and Recommendation.

It is further **ORDERED** that Kanazeh's November 9, 2009 petition for leave to file a new civil action against, *inter alia*, the Commonwealth of Fairfax County and the City of Alexandria, is **DENIED**, without prejudice to Kanazeh having the right to pursue her claims with the

---

official who made the assessment for a correction thereof." Va. Code § 58.1-3980(A). In response to any such application, the commissioner or other such official must, if requested by the applicant, "state in writing the facts and law supporting the action on such application and mail a copy of such writing to the applicant at his last known address." Va. Code § 58.1-3981(F). The applicant may also "apply for relief to the circuit court of the county or city wherein the assessment was made." Va. Code § 58.1-3984(A). And, in the event a taxpayer initiates such a proceeding in the circuit court, the Virginia statute makes clear that

> the burden of proof shall be upon the taxpayer to show that the property in question is valued at more than its fair market value or that the assessment is not uniform in its application, or that the assessment is otherwise invalid or illegal, but it shall not be necessary for the taxpayer to show that intentional, systematic and willful discrimination has been made.

*Id.*

Commissioner of Revenue for the City of Alexandria and/or in the Alexandria Circuit Court.

Should Kanazeh wish to appeal this Order she must do so by filing a written notice of appeal within thirty (30) days, pursuant to Rules 3 and 4, Fed. R. App. P.

The Clerk is directed to send a copy of this Order to Kanazeh and to place this matter among the ended causes.


Alexandria, Virginia
January 29, 2010

/s/
T. S. Ellis, III
United States District Judge